WICKER, J.,
concurs with reasons.
hi agree with the majority opinion but write to point out a procedural conundrum presented in this case. Mr. Martin filed an application for post-conviction relief on January 21, 2014. The State, in opposing Mr. Martin’s application for post-conviction relief, argued that the application was premature in that Mr. Martin had failed to exhaust his right to direct appeal. The trial court agreed, dismissed the application for postconviction relief, and granted this appeal. Now, on appeal, the State argues that Mr. Martin’s claim of ineffective assistance of counsel is better considered in an application for post-conviction relief where Mr. Martin could avail himself of an opportunity for a full evidentiary hearing. The State is correct. Because Mr. Martin pled guilty, the record on appeal is limited.
Mr. Martin’s application for post-conviction relief was denied based on the fact that he had not yet exhausted his right to appeal his conviction and sentence. However, Mr. Martin is now being- instructed that if he wishes to seek appellate review of his conviction based upon his allegations of ineffective assistance of counsel, he must re-start the process by filing another application for post-conviction relief.
Although the majority is correct that the record is bereft of any information which would allow us to rule on the merits of Mr. Martin’s pdaim, I write separately to acknowledge the contradictory and confusing instructions that the criminal justice sys *818 tem has given Mr. Martin in pursuing review of his conviction and sentence.